ORIGINAL

shihjhangple

LEONARDO M. RAPADAS
United States Attorney
FREDERICK A. BLACK
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Ave.
Hagåtña, Guam 96910
TEL: (671) 472-7332
FAX: (671) 472-7334

Attorneys for the United States of America

FILED
DISTRICT COURT OF GUAM
SEP 18 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CRIMINAL CASE NO. 06-00037 |
| Plaintiff. | ) |
| vs. | ) **PLEA AGREEMENT** |
| SHIH-WEI JHANG, | ) |
| Defendant. | ) |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, SHIH-WEI JHANG, enter into the following plea agreement:

1. The defendant, SHIH-WEI JHANG, agrees to enter a guilty plea to the Indictment charging him with conspiracy to possess with intent to defraud over 15 counterfeit credit card devices in violation of Title 18 United States Code, Sections 371 and 1029(a)(3), and Section 2, respectively.

2. The defendant, SHIH-WEI JHANG, further agrees to fully and truthfully cooperate with Federal and territorial law enforcement agents concerning their investigation of counterfeit credit cards, and related unlawful activities. He agrees to testify fully and truthfully before any grand juries and at any trials or proceedings if called upon to do so for the United States, subject

1

to prosecution for perjury for not testifying truthfully. The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that he remains liable and subject to prosecution for any non-violent Federal or Territorial offenses that he does not fully advise the United States, or for any material omissions in this regard. In return for this cooperation, the United States agrees not to prosecute defendant in the District of Guam or the Commonwealth of the Northern Mariana Islands for any other non-violent Federal offenses now known to the government or which he reveals to Federal authorities.

3. The defendant, SHIH-WEI JHANG, further agrees to submit to a polygraph examination by any qualified Federal polygraph examiner. The defendant understands that such polygraph examinations may include, but will not be limited to, his knowledge of or involvement in stolen and forged mail, securities, credit cards and related activities, and his knowledge of others' involvement in such activities. Defendant understands that the government will rely on the polygraph in assessing whether he has been fully truthful.

4. The defendant, SHIH-WEI JHANG, understands that the <u>maximum</u> sentence for conspiracy to possess over 15 counterfeit credit card devices is five (5) years incarceration, a $250,000 fine, together with any restitution as the court may order, and a $100 special assessment fee. Any sentence of incarceration shall include a term of supervised release of not more than three (3) years. Defendant also understands a sentence of supervised release could be revoked during the term of such supervised release, thereby resulting in the additional incarceration of defendant for three (3) years. The total of $100 special assessment fee must be paid upon sentencing. If defendant cooperates as set forth in Paragraphs 2 and 3, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines, and credit for time served, if any. If defendant does not fully cooperate as set forth in Paragraphs 2 and 3, the government will recommend a sentence of incarceration within the Guidelines range it may deem appropriate.

The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of his financial status to the United States Attorney's Office by completing a Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

5. The defendant understands that to establish a violation of conspiracy to commit credit card fraud, the government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, there was as agreement between two or more persons to possess over 15 counterfeit access devices;

<u>Second</u>: the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

<u>Third</u>: one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

6. The defendant understands that the Sentencing Guidelines apply to this offense. Although these guidelines are advisory in nature and not binding on the court, the court will still look to them for guidance in determining the sentence to impose. The defendant also understands that the facts he stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

a. The defendant was born in1981, and is a citizen of Peoples Republic of China.

b. If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing his punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable guidelines range.

3

c. On or before August 25, 2006, the defendant arrived in Guam from Taiwan with co-defendant Chien Jung Hsu. Between the two of them they possessed over 15 counterfeit access devices in which they planned to use to commit fraud. The following counterfeit access devices were in their possession:

Possessed eight (8) counterfeit VISA credit cards in the name of "Wen-An Lee"
Possessed three (3) counterfeit MasterCard credit cards in the name of "Wen-An Lee"
Possessed four (4) counterfeit VISA credit card in the name of "Gok-Hing Lam"
Possessed one (1) counterfeit MasterCard credit card in the name of "Gok-Hing Lam"

d. The exact amount of loss from the defendant's unlawful activities, would not exceed $1,000 for each credit card.

e. The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by his counsel or any other person, such discrepancy is not a basis to withdraw his guilty plea.

7. The defendant understands that this plea agreement depends on the fullness and truthfulness of his cooperation. Therefore, defendant understands and agrees that if he should fail to fulfill completely each and every one of his obligations under this plea agreement, or make material omissions or intentional misstatements or engage in criminal conduct after the entry of his plea agreement and before sentencing, the government will be free from its obligations under the plea agreement; thus defendant, in addition to standing guilty of the matters to which he has pled pursuant to this agreement, shall also be fully subject to criminal prosecution for other crimes, and for the counts which were to be dismissed. In any such prosecution, the prosecuting authorities, whether Federal, State, or Local, shall be free to use against him, without limitation, any and all information, in whatever form, that he has provided pursuant to this plea agreement or otherwise; defendant shall not assert any claim under the United States Constitution, any statute, Rule 11(e)(6) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules

4

of Evidence, or any other provision of law, to attempt to bar such use of the information.

8. The defendant understands that his sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right he may have to any speedy sentencing and hereby agrees to any continuance of his sentencing date as it may become necessary.

9. The defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. If at any time defendant's guilty plea is rejected, withdrawn, vacated or reversed, the United States will be free to prosecute defendant for all charges of which it presently has knowledge, and any charges that have been dismissed will automatically be reinstated or may be presented to a grand jury with jurisdiction over the matter. In such event, defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

10. The defendant acknowledges that he has been advised of his rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

    a. The nature and elements of the charge and the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law;

    b. His right to be represented by an attorney;

    c. His right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself, that is, the right not to testify;

    d. That if he pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, he waives, that is, gives up, the right to a trial;

5

e. That, upon entry of a plea of guilty, or thereafter, the Court may ask his questions about the offenses to which he has pled, under oath, and that if he answers these questions under oath, on the record, his answers may later be used against him in prosecution for perjury or false statement if an answer is untrue;

f. That he agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

g. That he has had this agreement translated for him into his native language, and he fully understands it.

h. The defendant is satisfied with the representation of his lawyer and feels that his lawyer has done everything possible for his defense.

DATED: 9/13/06

*Shih-Wei Jhang*
SHIH-WEI JHANG
Defendant

DATED: 9/13/06

G. PATRICK CIVILLE
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

DATED: 9/18/06      By: FREDERICK A. BLACK
Assistant U.S. Attorney

DATED: 9/18/06

JEFFREY J. STRAND
First Assistant U.S. Attorney

6